UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARLIN D. LOWERY,

        Plaintiff,

v.

        Case No. 24-cv-11604
        Honorable Linda V. Parker

CHEBOYGAN AREA PUBLIC
SCHOOLS, SPENCER BYRD,
MARLENE ALEXANDER, LEO
UNEMPLOYMENT INSURANCE
AGENCY, JULIA DALE, UIA
DEPUTY DIRECTOR, TERRY
BURNS, UNIDENTIFIED
EMPLOYEES 1-3, STATE OF
MICHIGAN, DEPARTMENT OF
LABOR AND ECONOMIC
OPPORTUNITY, and
UNEMPLOYMENT INSURANCE
AGENCY,

        Defendants.
_____/

## OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S JANUARY 23, 2025 REPORT AND RECOMMENDATION

Plaintiff Marlin Lowery, proceeding pro se, commenced this lawsuit pursuant to 42 U.S.C. § 1983 against Cheboygan Area Schools; Spencer Byrd, Cheboygan Schools Superintendent; Marlene Alexander, Cheboygan Schools Human Resource Director; Michigan Labor and Economic Opportunity ("LEO") Unemployment Insurance Agency ("UIA"); Julia Dale, UIA Director; Kimberly

1

Berry,[1] UIA Deputy Director; Terry Burns,[2] UIA Internal Controls Division Administrator; and three unidentified state employees (collectively, "Defendants") on June 24, 2024. (ECF No. 1.) Mr. Lowery, a bus driver for Cheboygan Area Schools,[3] alleges that Defendants denied him unemployment benefits starting in June 2021 in violation of his procedural and substantive due process rights under the Fourteenth Amendment. (*Id*.) Mr. Lowery also claims that Defendants' refusal to provide him unemployment benefits violates the Coronavirus Aid, Relief, and Economic Security ("CARES") Act. (*Id*.)

This matter is currently before the Court on Defendants' motion to dismiss, ECF No. 22, Defendants' motions to dismiss and for summary judgment, ECF No. 24, and Mr. Lowery's motion to compel, ECF No. 28. The matter has been referred to Magistrate Judge Patricia T. Morris for all pretrial proceedings, including a hearing and determination of all non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 25.)

---

[1] The complaint does not identify the UIA Deputy Director, but the record indicates that Kimberly Berry is the Deputy Director. (*See* ECF No. 52 at Pg ID 175.)
[2] The Complaint identifies Ms. Burns as "Terry," but the record indicates that her name is Teresa. (*See* ECF No. 22 at Pg ID 157.)
[3] Mr. Lowery also notes that he is a collective bargaining representative in the school district. (ECF No. 1 at Pg ID 31.)

2

On January 23, 2025, Magistrate Judge Morris issued a Report and Recommendation ("R&R"), recommending that the Court grant Defendants' motions to dismiss and for summary judgment and deny as moot Mr. Lowery's motion to compel.  (*See* ECF No. 32 at Pg ID 846-47.)  She further recommended that the Court *sua sponte* dismiss the case against all Defendants.  (*Id*. at Pg ID 855-56.)  At the conclusion of her R&R, Magistrate Judge Morris informs the parties that they must file any objections to the R&R within fourteen days.  (*Id*. at Pg ID 856.)  Mr. Lowery filed objections on February 6, 2025.  (*See* ECF No. 32.)

A party may object to a magistrate judge's non-dispositive orders.  Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A).  The reviewing court must affirm the magistrate judge's ruling unless the objecting party demonstrates that the magistrate judge's ruling is "clearly erroneous" or "contrary to law."  *Id*.  The "clearly erroneous" standard does not empower a reviewing court to reverse a magistrate judge's finding because it would have decided the matter differently.  *See, e.g.*, *Anderson v. Bessemer City*, 470 U.S. 564, 573-74 (1985).  Instead, the "clearly erroneous" standard is met when despite the existence of evidence to support the finding, the court, upon reviewing the record in its entirety, "is left with the definite and firm conviction that a mistake has been committed."  *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). An order is contrary to law "when

it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Catskill Dev. v. Park Place Ent. Corp.*, 206 F.R.D. 78, 86 (S.D.N.Y. 2002).

When objections are filed to a magistrate judge's report and recommendation on a dispositive matter, the Court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). The Court, however, "is not required to articulate all of the reasons it rejects a party's objections." *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted). A party's failure to file objections to certain conclusions of the report and recommendation waives any further right to appeal on those issues. *See Smith v. Detroit Fed'n of Tchrs. Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Likewise, the failure to object to certain conclusions in the magistrate judge's report releases the Court from its duty to independently review those issues. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

The Court has reviewed Mr. Lowery's objections to the R&R and is unconvinced that Magistrate Judge Morris' ruling that Mr. Lowery's motion to compel is moot is clearly erroneous or contrary to law. The Court has also made a *de novo* determination of the portions of the R&R relating to Defendants' motions to dismiss and for summary judgment to which Mr. Lowery objects and reaches the same conclusion as Magistrate Judge Morris.

The Court therefore adopts Magistrate Judge Morris' recommendations.

4

Accordingly,

**IT IS ORDERED** that Defendants' motions to dismiss and for summary judgment pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 56, respectively (ECF Nos. 22, 24), are **GRANTED**.

**IT IS FURTHER ORDERED** that Mr. Lowery's motion to compel (ECF No. 28) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the Court *sua sponte* dismisses the Complaint against all Defendants, even those that have not requested such relief, because Mr. Lowery has failed to sufficiently state any federal claims, depriving the Court of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).

**SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: February 26, 2025

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, February 26, 2025, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan
Case Manager