UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARLIN D. LOWERY,

       Plaintiff,

v.

       Case No. 24-cv-11604
       Honorable Linda V. Parker

CHEBOYGAN AREA PUBLIC
SCHOOLS, et al.,

       Defendants.
_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR REHEARING OR RECONSIDERATION

On June 20, 2024, Plaintiff filed this pro se action against Defendants pursuant to 42 U.S.C. § 1983.  Several defendants subsequently filed a motion to dismiss or for summary judgment (ECF No. 24), which this Court granted in a decision issued on February 26, 2025 (ECF No. 34).  Finding that Plaintiff failed to state a claim upon which relief could be granted against the remaining defendants for the reasons the Court dismissed Plaintiff's claims against the moving defendants, the Court sua sponte dismissed those claims as well.  The matter is now before the Court on Plaintiff's "motion for rehearing or reconsideration." (ECF No. 36.)

Eastern District of Michigan Local Rule 7.1(h)(1) precludes motions for reconsideration of final orders or judgments.  Instead, motions seeking relief from

a final order or judgment must be filed under Federal Rule of Civil Procedure 59(e) or 60(b).  E.D. Mich. LR 7.1(h)(1).  Thus the Court construes Plaintiff's filing as seeking relief under Rule 59(e) and/or Rule 60(b).

Motions to alter or amend judgment pursuant to Rule 59(e) may be granted only if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice.  *GenCorp., Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999).  "Rule 59(e) permits a court to alter or amend a judgment, but it 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'"  *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n. 5 (2008) (citing 11 C. Wright & A. Miller, Federal Practice and Procedure § 2810.1 (2d ed. 1995)); *see also Mich. Flyer LLC v. Wayne Cnty. Airport Auth.*, 860 F.3d 425, 431 (6th Cir. 2017) (quoting *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)) ("A motion under Rule 59(e) is not an opportunity to re-argue a case.").  "A motion to alter or reconsider a judgment is an extraordinary remedy and should be granted sparingly because of the interests in finality and conservation of scarce judicial resources."  *In re J & M Salupo Dev. Co.*, 388 B.R. 795, 805 (B.A.P. 6th Cir. 2008) (quoting *Am. Textile Mfrs. Inst., Inc. v. Limited Inc.*, 179 F.R.D. 541, 547 (S.D. Ohio 1998)).

Rule 60(b) allows a court to relieve a party from a final judgment, order, or proceeding for a number of reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  The party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence." Info-Hold, Inc. v. Sound Merchandising, Inc., 538 F.3d 448, 454 (6th Cir. 2008) (internal quotation marks and citations omitted).

Plaintiff fails to satisfy his burden of showing that he is entitled to relief under either rule.  His "motion," which lacks a brief as required by Eastern District of Michigan Local Rule 7.1(d), does not identify any reasons why the Court's previous decision should be reconsidered.  Plaintiff attaches several exhibits to his motion, on which he has made some hand-written notations.  However, it is not the Court's obligation to construct arguments for the parties.  *United States v. Jones*, 53 F.4th 414, 417 n.1 (6th Cir. 2022) (citing *Brenay v. Schartow*, 709 F. App'x 331, 337 (6th Cir. 2017) ("[I]t is not for the court to search the record and construct arguments.  Parties must do that for themselves.").

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for rehearing or reconsideration (ECF No. 36) is **DENIED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: July 21, 2025

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, July 21, 2025, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan
Case Manager